**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

PATRICIA GADALETA,

                Plaintiff,

      v.

HOUSER AUCTIONEERS, et al.,

                Defendants

CIVIL ACTION NO. 4:13-CV-01989

(BRANN, J.)
(MEHALCHICK, M.J.)

## REPORT AND RECOMMENDATION

On July 23, 2013, Plaintiff Patricia Gadaleta, proceeding *pro se*, filed a civil action in the United States District Court for the Middle District of Pennsylvania. (Doc. 1). The Court granted Plaintiff's motion for leave to proceed *in forma pauperis*. (Doc. 15). At the time she filed her complaint, Gadaleta was incarcerated at the State Correctional Institution in Muncy, Pennsylvania. Based on the reasons discussed below, it is recommended that the Court dismiss Gadaleta's complaint.

## I. SECTION 1915 STANDARD

Under 28 U.S.C. § 1915, the Court is obligated, prior to service of process, to screen a civil complaint brought *in forma pauperis*. The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards

governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) ] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In keeping with the principles of *Twombly*, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because

they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## II.   BACKGROUND

Gadaleta seeks compensatory damages, punitive damages, and injunctive relief. Named as defendants in the complaint are Houser Auctioneers and its representative Jason Houser, located in Schnecksville, Pennsylvania (Lehigh County); the Pennsylvania Society for the Prevention of Cruelty to Animals (SPCA) and its head officer George Bengal, located in Philadelphia, Pennsylvania (Philadelphia County); Attorney Michelle DaRe, located in Lehigh Valley, Pennsylvania (Lehigh County); DLJ Mortgage Capital, Inc./Selene Finance, located in Houston, Texas; Zucker Asset Group and its representative Chris Amodes, located in Port Washington, New York; the Carbon County Animal Response Team (CART) and three of its volunteers, Ms. Yatcht, Mr. Nesbitt, and Ms. Donna Crum, located in Lehighton,

Pennsylvania (Carbon County); Times News located in Lehighton, Pennsylvania (Carbon County); and Anthony Gadaleta located in Blakeslee, Pennsylvania (Monroe County).

The complaint alleges the following: in June 2012, Houser Auctioneers entered Galadeta's personal home to remove her personal property (Doc. 1, p. 2); during her divorce proceedings she was told her joint property was in foreclosure and lost (Doc. 1, p. 2); on September 23, 2010, the Pennsylvania SPCA and CART conducted an illegal search and seizure of the "premises" (Doc. 1, p. 2); Anthony Gadaleta, her former husband, initiated divorce proceedings in October 2010 and lied about the mortgage, withheld her mail, and did not comply with their divorce agreement (Doc. 1, p. 3); Attorney Michelle DaRe, "civil attorney/advisor of divorce proceedings," violated her ethical duties (Doc. 1, p. 3); and the Times News newspaper printed misinformation regarding Gadaleta's charges. (Doc. 1, p. 3). Additionally, on March 10, 2014, Gadaleta filed a "motion for allowance of exhibits and new material" (Doc. 17), in which she asks the Court to consider materials related to a sheriff's sale and foreclosure on her property in Carbon County. Gadaleta states that all defendants "contributed to violations of civil rights and constitutional rights." (Do. 1, p. 5).

## III.   DISCUSSION

To bring a civil rights action under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Allen v. Pennsylvania Soc. for Prevention of Cruelty to Animals*, 488 F.Supp.2d 450, 462 (M.D. Pa. 2007).

The Third Circuit Court of Appeals has found that private actors may be found to act under color of state law if "there is such a close nexus between the State and the challenged

action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal citations omitted). To determine whether such a close nexus occurs, the court must consider (1) "whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state"; (2) "whether the private party has acted with the help of or in concert with state officials"; and (3) whether "the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Blank v. Pennsylvania Soc. for the Prevention of Cruelty to Animals*, No. 10-3222, 2010 WL 3927590, at *4 (E.D. Pa. Oct. 5, 2010) (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142 (3d Cir. 1995)).

A. PLAINTIFF'S SEARCH AND SEIZURE CLAIM AGAINST HOUSER AUCTIONEERS AND JASON HOUSER

Gadaleta asserts that in June 2012 Houser Auctioneers entered her personal home and premises to remove personal property without her knowledge or permission. (Doc. 1, p. 2). The Court finds that Gadaleta has failed to state a search and seizure claim against Houser Auctioneers and Jason Houser upon which relief may be granted pursuant to 42 U.S.C. § 1983.

"To make a prima facie case under § 1983, the plaintiff must demonstrate that a person acting under color of law deprived him of a federal right." *Berg v. County of Allegheny*, 219 F.3d 261, 268 (3d Cir. 2000). Further, if "conduct satisfies the state action requirement of the Due Process Clause, then it also qualifies as action 'under color of state law' for § 1983 purposes." *Abbott v. Latshaw*, 164 F.3d 141, 145-47 (3d Cir. 1998) (holding that affirmative intervention and aid in a private repossession constitutes a sufficient basis for a reasonable trier of fact to find that a law enforcement officer played a role in violating a claimant's constitutional rights).

Gadaleta has not alleged any facts that removal of her personal property from her property was either affirmatively assisted or conducted by any state actor. There are no facts on

the face of the complaint that allege any state action by Houser Auctioneers. *See Abbott*, 164 F.3d at 147. Because Gadaleta has not alleged any state action occurred, she has failed to make out a prima facie case under § 1983 that Houser Auctioneers is a proper party in a § 1983 action. As such, it is recommended that Gadaleta's claim against Houser Auctioneers and Jason Houser be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), but that Gadaleta be given leave to amend her claim against Houser Auctioneers and Jason Houser to state a claim under § 1983. *See Grayson v. Mayview State Hospital,* 293 F.3d 103, 108 (3d Cir. 2002) (district court must permit a curative amendment unless an amendment would be inequitable or futile).

    B.  Plaintiff's State Law Claims against Houser Auctioneers and Jason Houser

Gadaleta alleges a breach of contract, professional negligence, and trespass claim against Houser Auctioneers and Jason Houser arising out of its entry into her home and removal of her personal property. (Doc. 1, pp. 2, 4). The Court exercises supplement jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a) and finds that Gadaleta has failed to state a claim against Houser Auctioneers and Jason Houser for breach of contract, professional negligence, or trespass. It is recommended that Gadaleta's state law claims against Houser Auctioneers and Jason Houser be dismissed without prejudice, and that Gadaleta be given leave to amend her claims against Houser Auctioneers and Jason Houser.

A plaintiff asserting a breach of contract claim under Pennsylvania law must establish three elements: (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damages. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003) (citing *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)). Gadaleta states that Houser Auctioneers and Jason Houser "changed date, and

conditions of contract [without] approval or knowledge." (Doc. 1, p. 2). However, she does not provide any details of the existence of a contract, the terms of said contract, that a duty existed between the parties, or that there was a breach of that duty. The court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 n.13 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse*, 132 F.3d at 906.

For similar reasons, Gadaleta also fails to state a claim for professional negligence. To state a claim for professional negligence, a plaintiff must allege: (1) employment of a professional or other basis for a duty; (2) the failure of the professional to exercise ordinary skill and knowledge; and (3) that such negligence was the proximate cause of damage to the plaintiff. *Leder v. Shinfeld*, 609 F. Supp. 2d 386, 400-01 (E.D. Pa. 2009) (citing *Kituskie v. Corbman*, 552 Pa. 275, 281, 714 A.2d 1027, 1029 (1998)). Gadaleta has not alleged that a professional services agreement existed, or that there was a basis for duty imposed on Houser Auctioneers.

Likewise, Gadaleta fails to state a claim for trespass. A trespass under Pennsylvania law is defined as "an unprivileged, intentional intrusion upon land in possession of another." *Graham Oil Co. v. BP Oil Co.*, 885 F.Supp. 716, 725 (W.D. Pa. 1994) (citing *Kopka v. Bell Tel. Co.*, 371 Pa. 444, 91 A.2d 232, 235 (1952)); *see also Valley Rod & Gun Club v. Chesapeake Appalachia, LLC*, No. 13-0725, 2013 WL 2393003 (M.D. Pa. June 3, 2013). In order to maintain an action in trespass, "a plaintiff must have had the right to exclusive use and possession of the property at issue." *Graham*, 885 F.Supp. at 725. There are no facts in the complaint that indicate that Gadaleta had the exclusive use and possession of the property at issue. The Court cannot assume a plaintiff can prove facts that she has not alleged. *See Associated Gen. Contractors of Cal.*,

459 U.S. at 526. Thus, on the face of the complaint Gadaleta has failed to state a claim for trespass against Houser Auctioneers and Jason Houser and it is recommended that these claims be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), but that Gadaleta be given leave to amend this claim.

C. Plaintiff's Claims against the Pennsylvania SPCA and CART

Gadaleta asserts that the Pennsylvania Society for the Prevention of Cruelty to Animals (SPCA) and the Carbon County Animal Response Team (CART) conducted an illegal search and seizure of her premises on September 23, 2010. She states that the "SPCA confiscated prescribed antibiotics, vaccines, microchips, syringes and other records/files without my permission . . . [o]ver 1.2 million dollars of inventory (dogs/medications/supplies) were taken." (Doc. 1, p. 2). She further states that "CART (Carbon Animal Response Team) is a volunteer group who also along with Franklin Twp Police Dept (Chief Thomas Beltz) and State Police Barracks Troup N of Lehighton PA (Trooper Nick DeIngelsia) entered kennel and house while search warrant was being conduct." (Doc. 1, p. 2-3).

The SPCA of Pennsylvania is incorporated as a private, non-profit entity, and the Pennsylvania State Animal Response Team, of which the Carbon County Animal Response Team is a part, is incorporated as a private, non-profit entity.[1] A private entity is ordinarily not a proper "person" for purposes of an action alleged under 42 U.S.C. § 1983; to properly state a claim under § 1983, a plaintiff must allege that the defendants acted under color of state law. *See*

---

[1] The Court takes judicial notice of the Pennsylvania SPCA website, http://pspca.org/; the Pennsylvania State Animal Response Team website, http://www.pasart.us/home.aspx; and the Pennsylvania Department of State Corporation search, https://www.corporations.state.pa.us/corp/soskb/csearch.asp.

*Giaconia v. Delaware County Society for the Prevention of Cruelty to Animals*, No. 08-1299, 2008 WL 4442632, at *2-3 (E.D. Pa. Sept. 29, 2008).

In the present case, Gadaleta has sufficiently alleged facts that indicate that there was a "close nexus" between the state and challenged action. *See Leshko*, 423 F.3d at 339. Gadaleta alleges that she was interrogated by "Mr. Bengal and other officers" while at the Carbon County Correctional Facility. She further alleges that Defendant Bengal, the head officer of the Pennsylvania SPCA, was in communication with the District Attorney. Additionally, she alleges that members of CART, along with the Franklin Township Police Department and State Police Barracks Troup N, entered her property. (Doc. 1, pp. 2-3). As such, this Court finds that Gadaleta has stated a claim against the Pennsylvania SPCA and CART for purposes of a § 1983 action.

Nonetheless, Gadaleta's claims against the Pennsylvania SPCA and CART are barred by the applicable statute of limitations. Section 1983 claims brought in Pennsylvania are subject to a two-year statute of limitations. *Chester v. Beard*, 657 F.Supp.2d 534, 539 (M.D. Pa. 2009). Gadaleta asserts that her premises were illegally searched and her property was illegally seized on September 23, 2010. Gadaleta filed this instant action on July 23, 2013. (*See* Doc. 1). More than two years had passed since the incidents allegedly giving rise to this claim occurred. As such, Gadaleta's illegal search and seizure claim is time-barred.

In screening a complaint pursuant to 28 U.S.C. § 1915, this Court has dismissed, *sua sponte*, an action where it was clear that the claim was not timely filed. *Wilson v. Kerestes*, No. 12-0884, 2012 WL 3626706, at *8 (M.D. Pa. June 12, 2012). The Third Circuit stated:

> Failure to exhaust and the statute of limitations are similar "in the abstract": they are both affirmative defenses. But, a court may nonetheless dismiss a suit for failing to state a claim when the limitations defense is obvious from the face of the complaint. We see no reason why a district court, when screening a

complaint pursuant to the PLRA, may not *sua sponte* dismiss a suit whose allegations make clear that the action is not timely. Indeed, other Courts of Appeals have recognized that dismissal under these circumstances is appropriate. [ . . .] We agree that when a statute-of-limitations defense is apparent from the face of the complaint, a court may *sua sponte* dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A.

*McPherson v. United States*, 392 Fed. Appx. 938, 943 (3d Cir. 2010).

Although the statute of limitations is ordinarily an affirmative defense, it is clear from the face of the complaint that Gadaleta's illegal search and seizure claims against the Pennsylvania SPCA and CART are barred by the statute of limitations. *See Wilson v. Kerestes,* 2012 WL 3626706, at *8 (*sua sponte* dismissal of plaintiff's claims "proper since it is abundantly clear from the face of his Complaint that these claims are time barred"); *Paluch v. Secretary Pennsylvania Dept. Corrections.*, 442 Fed. Appx. 690, 693 n.2 (3d Cir. 2011) ("Although the statute of limitations applicable to § 1983 actions is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss sua sponte under § 1915(e)(2) a complaint whose untimeliness is apparent from the face of the record."). *See also Jones v. Bock*, 549 U.S. 199, 215 (2007) (stating that if the allegations in a complaint, "for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim"). As such, it is recommended that Gadaleta's claims against the Pennsylvania SPCA and CART be dismissed with prejudice as time-barred. *See Grayson,* 293 F.3d at 108 (district court must permit a curative amendment unless an amendment would be inequitable or futile).

D. STATE LAW CLAIMS

**1. Claims related to the foreclosure of Gadaleta's property.**

Gadaleta asserts state law claims against DLJ Mortgage Capital, Inc./Selene Finance ("DLJ Mortgage") and Zucker Asset Group for claims related to the foreclosure of her property

and the mortgage on her property. (Doc. 1, p. 2). The relief Gadaleta seeks in her complaint (Doc. 1) and related documents (*see* Docs. 16, 17) is a stay of foreclosure, access to a settlement offer with DLJ Mortgage, and retention of her home from Zucker Asset Group. Gadaleta states that she has been trying to retain her property, located at 974 Pohopoco Drive, Lehighton, Pennsylvania, located in Carbon County, Pennsylvania, since January 2, 2013. (Doc. 17, p. 3). Gadaleta states that she was a co-owner on the deed, and that she received divergent information as to whether her name was on the mortgage. (Doc. 17, p. 3).

According to public records, on December 31, 2012, DLJ Mortgage filed a mortgage foreclosure action against Anthony Gadaleta and Plaintiff Patricia Gadaleta in the Court of Common Pleas for Carbon County. *See DLJ Mortgage Capital, Inc. v. Gadaleta & Gadaleta*, Case No. 12-2658 (Carbon County C.C.P.). On September 26, 2013, a judgment was entered in the Court of Common Pleas for Carbon County against Plaintiff Patricia Gadaleta and her former husband, Anthony Gadaleta, in favor of DLJ Mortgage, in an amount of $357,715.72. (Doc. 17, p. 5). *See DLJ Mortgage Capital, Inc. v. Gadaleta & Gadaleta*, Case No. 12-2658 (Carbon County C.C.P.). This judgment ultimately resulted in the Gadaletas' property being sold at a sheriff's sale on March 14, 2014.[2] On March 10, 2014, Gadaleta filed supplemental documents with this Court stating that she filed a petition in the Carbon County Court of Common Pleas for a preliminary injunction to stop the sheriff's sale and the petition was denied. She further states that she filed a petition for a preliminary injunction with the Prothonotary in Carbon County to stay the execution of the sheriff's sale, and that the petition was "still undetermined." (*See* Doc. 16; Doc. 17, p. 3).

---

[2] The Court takes judicial notice of Carbon County's public records. *See* http://www.carboncountysheriff.com/pages/months/march.html.

To the extent that this complaint invites the federal courts to intervene in a pending state case, it runs afoul of the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). Under the doctrine of *Younger* abstention, federal courts are prevented from enjoining pending state proceedings absent extraordinary circumstances. *Gray v. Pagano*, 287 Fed. App'x. 155, 157 (3d Cir. 2008); citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 437, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). "A federal district court has discretion to abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding." *Addiction Specialists, Inc. v. Township of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). *Younger* abstention is appropriate only if: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Matusow v. Trans–County Title Agency, LLC*, 545 F.3d 241, 248 (3d Cir. 2008).

In this case, the Court finds that *Younger* abstention is appropriate with regard to Gadaleta's foreclosure claims. First, at the time of filing her complaint with this Court, the state foreclosure action was still pending. *See DLJ Mortgage Capital, Inc. v. Gadaleta & Gadaleta*, Case No. 12-2658 (Carbon County C.C.P.). As such, the first prong of *Younger* abstention is satisfied. It appears the third prong of the *Younger* doctrine is satisfied as well, as the state court proceedings afforded Gadaleta a full and fair opportunity to litigate the issues in the foreclosure action as evidenced by several motions and petitions filed in that matter, as well as oral arguments held on DLJ Mortgage's motion for summary judgment, and Pennsylvania's appellate courts are an adequate forum for review of Plaintiffs' federal due process claims. *See Gray v. Pagano*, 287 Fed. App'x. 155, 157 (3d Cir. 2008)

As to the second prong of the *Younger* abstention doctrine, the state proceedings at issue in this case implicate important state interests.  Gadaleta is seeking a "stay of foreclosure until all information is 'on the table'" and for a settlement officer to be assigned to her case. (Doc. 1, p. 2).Where other elements of the test are met, neither injunctive nor declaratory relief will be available "in cases in which the federal relief would render the state court's orders or judgments nugatory." *Gray v. Pagano*, 287 Fed. App'x. 155, 157-58 (3d Cir. 2008); *citing Schall v. Joyce*, 885 F.2d 101, 108 (3d Cir.1989). Any relief sought by Plaintiff that could be granted by the district court would directly impact Pennsylvania's interest in protecting the authority of its judicial system, as the relief would necessarily be predicated on a determination that the rulings of the state court have been wrongly decided. Were this Court to make such a determination, it would in essence be "substitut [ing] itself for the State's appellate courts." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975).[I]nterference with a state judicial proceeding prevents the state not only from effectuating its substantive policies, but also from continuing to perform the separate function of providing a forum competent to vindicate any constitutional objections interposed against those policies. Such interference also results in duplicative legal proceedings, and can readily be interpreted 'as reflecting negatively upon the state courts' ability to enforce constitutional principles.' *Id.* at 604, 95 S.Ct. 1200 (*quoting Steffel v. Thompson*, 415 U.S. 452, 462, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974)). Thus, the state proceeding implicates the important interest of preserving the authority of the state's judicial system.

Pursuant to *Younger*, the only basis for federal court interference is where one of four exceptions are met: (1) irreparable injury is both great and immediate; (2) the state law is flagrantly and patently violative of express constitutional prohibitions; (3) there is a showing of

bad faith or harassment; or (4) other unusual circumstances call for equitable relief. *Gray v. Pagano*, 287 Fed. App'x. 155, 158 (3d Cir. 2008); *citing Mitchum v. Foster*, 407 U.S. 225, 230, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972) ; *citing Younger v. Harris*, 401 U.S. 37, 46–54, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)). None of these exceptions are present and, therefore, *Younger* abstention principles requires the dismissal of Gadaleta's claims against DLJ Mortgage Capital, Inc./Selene Finance ("DLJ Mortgage") and Zucker Asset Group for claims related to the foreclosure of her property and the mortgage on her property. Moreover, to the extent that Gadaleta, in her supplemental documents (*See* Docs. 16, 17), asks this Court to enter a preliminary injunction to stay the sheriff's sale, the same analysis applies. In her supplemental document, she states that a petition for a preliminary injunction is "still undetermined" yet seeks this Court's intervention. (Doc. 17, p. 3).

For these reasons, it is recommended that the Court abstain from exercising jurisdiction over Gadaleta's state foreclosure action and any subsequent petition to stay the sheriff's sale. *See Sones v. Simpson*, 10-CV-2475, 2010 WL 5490801, at *7 (M.D. Pa. Dec. 3, 2010) ("A federal district court cannot act as a state court and intervene in pending restitution matters in an on-going state [] case. Rather, the Plaintiffs should understand that they must turn to the state trial and appellate courts to address these concerns."). Leave to amend should be granted unless amendment is futile or inequitable. *See Grayson*, 293 F.3d at 106. Gadaleta's claims cannot be cured as they are precluded from review by the *Younger* abstention doctrine. As such, it is recommended that these claims be dismissed with prejudice. Additionally, as it is the Court's recommendation that these claims be dismissed with prejudice, the Court finds there is no basis for the allowance of exhibits and new material related to these claims and therefore recommends that Gadaleta's motion in this regard (Doc. 17) be denied.

**2.  Claims against Anthony Gadaleta.**

In her complaint, Gadaleta states that Anthony Gadaleta did not comply with their divorce agreement contract. (Doc. 1, p. 3). In her supplemental documents, Gadaleta states that she was "maliciously, deceitfully and coerced into signing this [divorce] agreement, being told that the home was already in foreclosure." (Doc. 16, p. 1). She states that she petitioned the court to vacate the divorce decree for "extrinsic fraud." (Doc. 16, p. 2). *See Anthony Gadaleta v. Patricia Gadaleta*, Case No. 10-3139 (Carbon County C.C.P.). A review of the dockets in Gadaleta's divorce proceedings indicates that Anthony Gadaleta filed for divorce in the Carbon County Court of Common Pleas on October 26, 2010. On April 19, 2012, a decree was entered. *Anthony Gadaleta v. Patricia Gadaleta*, Case No. 10-3139 (Carbon County C.C.P.). On July 23, 2013, Gadaleta filed the present complaint with this Court, (Doc. 1), stating that Anthony Gadaleta lied about the mortgage, withheld mail, and did not comply with the divorce agreement contract. (Doc. 1, p. 3). Thus, the divorce decree was entered and final before Gadaleta filed any complaint in federal court against Anthony Gadaleta. To the extent Gadaleta asks this Court to review, vacate, or modify the divorce decree entered in state court, the Court lacks jurisdiction to review the divorce decree under the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine originated from two Supreme Court opinions, *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923). Specifically, the *Rooker–Feldman* doctrine holds that a United States District Court has no subject matter jurisdiction to review final judgments of a state court because only the Supreme Court has jurisdiction to review state judgments under 28 U.S.C. § 1257. *Feldman,* 460 U.S. at 482; *Rooker,* 263 U.S. at 416; *Parkview Assocs. Partnership v. City of Lebanon,* 225 F.3d 321, 324 (3d Cir. 2000) ("The *Rooker–Feldman* doctrine is based on the statutory foundation of 28 U.S.C. § 1257 and the well-settled understanding that the Supreme Court of the United

States, and not the lower federal courts, has jurisdiction to review a state court decision."). The

*Rooker–Feldman* doctrine precludes a federal action if the relief requested in the federal action

effectively would reverse the state decision or void its ruling. *FOCUS v. Allegheny County Court of*

*Common Pleas,* 75 F.3d 834, 840 (3d Cir. 1996). Moreover, the *Rooker–Feldman* doctrine applies

to the decisions of lower state courts. *In re General Motors Corp. Pick Up Truck Fuel Tank Prod's*

*Liability Litigation,* 134 F.3d 133, 143 (3d Cir. 1998).

Jurisdiction to review a state court's decision rests in the Pennsylvania appellate courts,

and federal district courts lack subject matter jurisdiction over challenges that are the functional

equivalent of an appeal of a state court judgment. *Marran v. Marran*, 376 F.3d 143, 149 (3d Cir.

2004). The doctrine is implicated when, "in order to grant the federal plaintiff the relief sought,

the federal court must determine that the state court judgment was erroneously entered or must

take action that would render that judgment ineffectual." *In re Madera*, 586 F.3d 228, 232 (3d

Cir. 2009) (citing *FOCUS v. Allegheny County Court of Common Pleas,* 75 F.3d 834, 840 (3d Cir.

1996)). *See DeSantis v. Franklin*, 160 Fed. Appx. 237, 238 (3d Cir. 2005) (dismissing former

husband's claims related to state court divorce proceedings for lack of jurisdiction under *Rooker-*

*Feldman*).

The Court of Appeals for the Third Circuit has set forth a four-part test to determine

whether an action lies within the exclusionary ambit of the *Rooker–Feldman* doctrine. *Great*

*Western Mining & Mineral Co. v. Fox Rothschild, LLP,* 615 F.3d 159, 166 (3d Cir. 2010). Under this

test, a federal district court lacks subject matter jurisdiction to hear a plaintiff's claims if: (1) the

federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court

judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the

plaintiff is inviting the district court to review and reject the state court judgments. *Great Western Mining,* 615 F.3d at 166.

This Court lacks jurisdiction over Gadaleta's claim against Anthony Gadaleta pursuant to *Rooker-Feldman.* First, this action was initiated by Gadaleta, against whom judgment was entered in a state court located in Carbon County. Second, Gadaleta's action asks this Court to either vacate, strike, reverse, or force compliance with the judgment entered in Carbon County. Third, the Carbon County judgment against Gadaleta was issued on April 19, 2012, more than a year before she initiated this action. Lastly, the granting of Gadaleta's request to strike or vacate the divorce decree would require this Court to review and reject the Carbon County judgment. Thus, because this Court lacks jurisdiction over this claim, it is recommended that Gadaleta's claims against Anthony Gadaleta, related to the divorce decree entered in Carbon County, be dismissed with prejudice.

### 3. Claims against Michelle DaRe, Plaintiff's Divorce Attorney.

Gadaleta asserts claims for legal malpractice against her attorney, Michelle DaRe. Gadaleta asserts that DaRe did not comply with her ethical duties, her conduct did not conform with other professionals in her field, and she engaged in professional negligence including "overbilling, confiscation of monies intended for me, and refuses to report or produce checks/monies due me." (Doc. 1, pp. 3, 5). Pursuant to 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over Gadaleta's state law claim for legal malpractice and apply Pennsylvania substantive law to her legal malpractice claim. *See Bouker v. CIGNA Corp.,* 847 F. Supp. 337, 338 (E.D. Pa. 1994) ("With respect to a supplemental state law claim, federal courts must apply state substantive law.").

Under Pennsylvania Rule of Civil Procedure 1042.3(a), a plaintiff asserting a professional negligence claim must file a certificate of merit within sixty days of the filing of a

complaint. Pa. R. Civ. P. 1042.3 ("In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney.").

The certificate of merit must state either that:

> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa. R. Civ. P. 1042.3(a)(1)-(3).

To the extent Gadaleta's allegations pertain to the quality of DaRe's professional representation of Gadaleta, a certificate of merit is required. *Donnelly v. O'Malley & Langan, PC,* 370 Fed. Appx. 347, 349 (3d Cir. 2010). *See Gorski v. Smith*, 812 A.2d 683, 694 (Pa. Super. Ct. 2002) (stating that in cases where there is an attorney/client agreement for legal services, "there automatically arises a contractual duty on the part of the attorney to render those legal services in a manner that comports with the profession at large"); Pa. R. Civ. P. 1042.3 (a certificate of merit is required in "any action" against an attorney that calls into question whether counsel "deviated from an acceptable professional standard").

In this case, Gadaleta's claims against DaRe are based on Gadaleta's assertion that she failed to comply with the "profession[al] scope of attorney at law." (Doc. 1, p. 3). Gadaleta asserts that DaRe "withheld information of negotiations during . . . divorce case" (Doc. 1, p. 5); confiscated money intended for her (Doc. 1, p. 3); and she "refused pictures of auction

inventory, and photocopies of auction proceed check." These claims pertain to the quality of the attorney's professional representation of Gadaleta and thus a certificate of merit is required. *See Donnelly*, 370 Fed. Appx. at 349. As such, Gadaleta's professional negligence claim is subject to dismissal. It is therefore recommended that Gadaleta's professional negligence claim against Michelle DaRe be dismissed without prejudice, and with leave to file an amended complaint against Michelle DaRe in accordance with the requirements of Pa. R. Civ. P. 1042.3.

### 4. Claims against Times News newspaper.

Gadaleta asserts a claim against the Times News newspaper for printing "misinformation of detail concerning alleged charges." (Doc. 1, p. 3). Gadaleta states that the Times News printed misinformation, published her personal credit card information and social security number, and defamed her character. (Doc. 1, p. 3). Gadaleta provides no further facts.

Section 28 U.S.C. § 1367 states that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy ...". 28 U.S.C. § 1367(a). In determining whether to exercise supplemental jurisdiction, the initial inquiry is whether the federal and state claims are so related that they derive from a common nucleus of operative facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding. *Arnold v. Kimberly Quality Care Nursing Service*, 762 F.Supp. 1182, 1186 (M.D. Pa. 1991) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)).

The crux of Gadaleta's complaint and basis for original jurisdiction in this Court is the alleged use of state process to deprive Gadaleta of her property as a result of a foreclosure action and judgment entered against her. To the extent Gadaleta seeks to add claims against the Times

News newspaper for printing misinformation about her "alleged charges,"[3] Gadaleta has not alleged any facts that this Court has an independent basis for subject matter jurisdiction over these state law claims. *See Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993) (As the party asserting jurisdiction, Plaintiff bears the burden of showing that its claims are properly before the district court.). Further, the Court finds that these allegations as set forth in Gadaleta's complaint do not "arise from a common nucleus of operative fact," *Arnold*, 762 F.Supp. at 1186. It may very well be that the "charges" Gadaleta alleges were published by Times News relate to or arise out of the same facts related to the foreclosure or divorce proceedings against her, but the allegations in her complaint do not establish as much. As such, it is recommended that the claims against Times News be dismissed without prejudice and with leave to file an amended complaint against Times News.

IV. **RECOMMENDATION**

Based on the foregoing, it is recommended that:

1. Plaintiff's illegal search and seizure claim against Houser Auctioneers be **dismissed without prejudice** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

2. Plaintiff's breach of contract, professional negligence, and trespass claims against Houser Auctioneers be dismissed **without prejudice** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

3. Plaintiff's illegal search and seizure claims against the Pennsylvania Society for the Prevention of Cruelty to Animals and the Carbon County Animal Response Team be **dismissed with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as time-barred;

---

[3] The Court takes judicial notice of the fact that several criminal charges have been filed against Gadaleta in state court. *See* Carbon County Court of Common Pleas Court Summary, http://ujsportal.pacourts.us/DocketSheets/CourtSummaryReport.ashx?docketNumber=CP-13-CR-0000975-2011.

4.  Plaintiff's state law claims against Defendants DLJ Mortgage Capital, Inc./Selene Finance and Zucker Asset Group be **dismissed with prejudice** pursuant to the *Younger* doctrine;

5.  Plaintiff's state law claims against Anthony Gadaleta related to their divorce proceedings be **dismissed with prejudice** for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine;

6.  Plaintiff's state law claim for professional negligence against Defendant Michelle DaRe be **dismissed without prejudice**;

7.  Plaintiff's state law claims against Times News be **dismissed without prejudice**;

8.  Plaintiff be given thirty (30) days leave to amend her complaint against Defendants Houser Auctioneers, Jason Houser, Michelle DaRe and Times News as set forth above; and

9.  Plaintiff's motion for allowance of exhibits and new material (Doc. 17) be **denied**.

BY THE COURT:

Dated: May 6, 2014

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

PATRICIA GADALETA,

               Plaintiff,

     v.

HOUSER AUCTIONEERS, et al.,

               Defendants

CIVIL ACTION NO. 4:13-CV-01989

(BRANN, J.)
(MEHALCHICK, M.J.)

### NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **May 6, 2014**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: May 6, 2014

                            *s/ Karoline Mehalchick*
                            **KAROLINE MEHALCHICK**
                            **United States Magistrate Judge**